UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIERRE J. TEDDERS, D.D.S.

    Plaintiff,

V

FORREST PASANSKI, in his official capacity as Director of the Bureau of Professional Licensing's Enforcement Division,

    Defendant.

No. 1:20-cv-00251

HON. PAUL L. MALONEY

MAG. PHILLIP J. GREEN

---

Justin C. Withrow (P84071)
Colin J. Callahan (PA: 328033)
Attorney for Plaintiff
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
 (216) 302-7573 (Justin)
 (412) 477-8054 (Colin)

---

Bridget K. Smith (P71318)
Attorney for Defendant
Michigan Department of Attorney General
Licensing and Regulation Division
G. Mennen Williams Bldg., 3rd Fl.
525 West Ottawa Street
Lansing, MI 48933
(517) 335-7569

---

## **STIPULATION TO DISMISS PLAINTIFF'S MARCH 20, 2020 COMPLAINT**

    Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Defendant Forrest Pasanski, in his official capacity as Director of the Bureau of Professional Licensing's Enforcement Division, and Plaintiff Pierre Tedders, D.D.S., by and through their attorneys, stipulate and agree to dismissal of this matter. In exchange for dismissal, the parties agree as follows:

1. On March 20, 2020, Pierre J. Tedders, DDS and the American Academy of Implant Dentistry ("AAID") ("Plaintiffs") filed a lawsuit in the United States District Court for the Western District of Michigan, Case No. 1:20-cv-00251 ("Lawsuit"), asserting claims against Orlene Hawks, in her official capacity as Director of the Michigan Department of Licensing and Regulatory Affairs, Debra Gagliardi in her official capacity as Director of the Bureau of Professional Licensing, Forrest Pasanski, in his official capacity as Director of the Bureau of Professional Licensing's Enforcement Division, and Peter Chiaravelli, Rita Hale, Paula Weiding, Timmothy Schmakel, Vaijanthi Oza, Cheryl Bentley, Mark Johnston, Patricia Roels, Kathleen Inman, Joshua Goodrich, Lori Barnhart, Irene Tseng, Grace Curcuru, Martha Morgan, Hassan Yehia, Deborah Brown, Kathleen Weber, Kristi Thomas, and Fonda Brewer, in their official capacities as members of the Michigan Board of Dentistry ("Defendants").

2. In the Lawsuit, Plaintiffs assert claims under 42 U.S.C. § 1983 alleging their rights under the First Amendment's Freedom of Speech Clause, the Fourteenth Amendment's Equal Protection Clause, and the Fourteenth Amendment's Due Process Clause have been violated. Plaintiffs contend the Board of Dentistry's ("Board's") specialty recognition regulation, Mich. Admin. Code R 338.1501, and advertising statute, Mich. Comp. Laws § 333.16226, are unconstitutional facially and as applied to them.

3. On February 11, 2022, the Court issued an order that dismissed all the original parties except Plaintiff Tedders and Defendant Pasanski and held that Plaintiff Tedders' claim could proceed against Defendant Pasanski under the *Ex Parte Young* doctrine expressly for prospective relief.

4. Defendant Pasanski has no intention of filing a complaint in the future against Dr. Tedders, or any other licensed dentist, to allege that the factual conduct at issue in Administrative Complaint No. 29-19-001031 (*see* ECF 1-4 PageID 30-34) violates the Michigan Public Health Code provisions related to advertising.

5. Defendant agrees that Dr. Tedders and other similarly situated Michigan-licensed dentists may truthfully advertise themselves as "Specialists" or "Board Certified" or "Having a Specialty" in implantology / dental implants, provided that such a designation is accurate based on credentials awarded by the American Academy of Implant Dentistry ("AAID"), its certifying board, the American Board of Oral Implantology / Implant Dentistry ("ABOI/ID"), or another organization recognized by the American Board of Dental Specialties ("ABDS").

6. The parties agree that licensed dentists, such as Dr. Tedders or other similarly situated dentists in Michigan, are permitted to accurately advertise their qualifications using "the insignia, titles, letters, or phrases as granted to the individual by an authorized educational program or institution or professional organization or professional association for the purpose of identifying the individual as having completed or attained specific training or as having established a recognized relationship with a health profession regulated by this article . . ." as authorized by section 16264 of the Public Health Code, Mich. Comp. Laws § 333.16264. This includes advertising their certifications in implantology through AAID or similar professional organizations or associations.

7. Each party will bear its own attorneys' fees and costs.

So stipulated:

| | |
|---|---|
| _____ <br> Justin C. Withrow (P84071) <br> Colin J. Callahan (PA: 328033) <br> Attorneys for Plaintiff <br> Dated: 06/09/2022 | /s/ *Bridget K. Smith* <br> Bridget K. Smith (P71318) <br> Assistant Attorney General <br> Dated: 06/09/2022 |